UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BENDER,<br><br>            Plaintiff,<br><br>       v.<br><br>KELLY SANTORO, et al.,<br><br>            Defendants. | Case No.: 1:21-cv-00448-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND NOTICE REGARDING EXHAUSTION BE DENIED<br><br>(ECF Nos. 6, 7) |

Plaintiff Floyd Eugene Bender is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 1, 2021, Plaintiff filed a motion for summary judgment and a separate motion demanding proof of review of inmate grievance. (ECF Nos. 6, 7.)

**I.**

**DISCUSSION**

**A.     Motion for Summary Judgment**

As an initial matter, Plaintiff has not paid the filing fee or submitted an application to proceed *in forma pauperis* in this action, and the deadline to do so is currently May 6, 2021. This case cannot proceed forward without payment of the filing fee or the submission of a complete application to proceed in forma pauperis demonstrating that Plaintiff is unable to pay the filing fee in full.

///

1

In addition, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court will order the United States Marshall to serve Plaintiff's complaint if, and only if, it determines that Plaintiff has stated a cognizable claim.

The Court has yet to screen Plaintiff's complaint to determine whether it states a claim upon which relief could be granted. As such, none of the Defendants have been served or have appeared in this case. With this procedural background in mind, the Court will address Plaintiff's pending motion. Federal Rule of Civil Procedure 56 contemplates that, prior to filing a motion for summary judgment, the opposing party should have a sufficient opportunity to discover information essential to its position. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In other words, the case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered and be afforded a reasonable opportunity to present such evidence. Portsmouth Square, Inc., v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir.1985).

Until such time as Defendants have entered an appearance and had the opportunity to conduct discovery, Plaintiff's motion is premature. Once Defendants have filed an answer, a discovery order will be entered, and a deadline for the filing of dispositive motions will be set. Accordingly, Plaintiff's motion for summary judgment must be denied.

**B.     Notice Regarding Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the applicable

1  procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v.
2  Ngo, 548 U.S. 81, 88, 93 (2006).  The exhaustion requirement applies to all inmate suits relating to
3  prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner
4  or offered by the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

5        The failure to exhaust administrative remedies is an affirmative defense, which the defendant
6  must plead and prove. Jones, 549 U.S. at 204, 216. The defendant bears the burden of producing
7  evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed
8  evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust.
9  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the
10 defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff
11 failed to exhaust that remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations
12 omitted). If the defendant meets this burden, "the burden shifts to the plaintiff, who must show that
13 there is something particular in his case that made the existing and generally available administrative
14 remedies effectively unavailable to him." Id. (citations omitted). If the plaintiff fails to meet this
15 burden, the court must dismiss the unexhausted claims or action without prejudice. See Lira v.
16 Herrera, 427 F.3d 1164, 1175 (9th Cir. 2005).

17       Plaintiff is advised that he is not required to plead and/or prove exhaustion of the
18 administrative remedies because it is an affirmative defense.  Further, to the extent Plaintiff is seeking
19 a court order directing prison officials to process and review his inmate grievance, the Court does not
20 have jurisdiction to issue such order.  A motion for a preliminary injunction cannot be decided until
21 the parties to the action are served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).   In this
22 matter, even if the Court were to consider Plaintiff's motion for a  preliminary injunction, such a
23 motion would have been denied because the parties to this action have not yet been served, and
24 Plaintiff has failed to satisfy either of the criteria under Rule 65 for granting a preliminary injunction.
25 Id.

26       Plaintiff is advised that he is should refrain from filing requests until after he has paid the filing
27 fee or submitted a complete application to proceed *in forma pauperis*.
28 ///

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment be denied; and

2. Plaintiff's request for a court order for prison officials to process and review his inmate grievance be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 5, 2021**

UNITED STATES MAGISTRATE JUDGE

4