UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| FLOYD EUGENE BENDER, | ) Case No.: 1:21-cv-00448-NONE-SAB (PC) |
|---|---|
| Plaintiff, | ) |
| v. | ) FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE |
| KELLY SANTORO, et al., | ) |
| Defendants. | ) (ECF No. 12.) |

Plaintiff Floyd Eugene Bender is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on March 11, 2021.

On March 19, 2021, the Court directed Plaintiff to pay the $402.00 filing fee or complete and submit an application to proceed in forma pauperis within forty-five days. (ECF No. 5.) Plaintiff failed to comply with the Court's March 19, 2021. Therefore, on May 12, 2021, the Court ordered Plaintiff to show cause why the action should not be dismissed. (ECF No. 12.) Plaintiff has failed to respond to the Court's order to show cause and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

Local Rule 110 provides that "[f]ailure ... of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n

1

the exercise of that power they may impose sanctions including, where appropriate, ... dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the filing fee or an application to proceed in forma pauperis are overdue, and Plaintiff has failed to comply with the Court's orders. The Court cannot effectively manage its docket if Plaintiffs cease litigating their case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's March 19, 2021 order, specifically stated that the failure to pay the filing fee or complete an application to proceed in forma pauperis would result in dismissal of the action. (ECF No. 5.) The Court also ordered Plaintiff to show cause

why the action should not be dismissed.  (ECF No. 12.)  Thus, Plaintiffs had adequate warning that dismissal could result from their noncompliance.  Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.

      Accordingly, it is HEREBY RECOMMENDED that the instant action be dismissed, without prejudice, for failure to comply with a court order and failure to prosecute.

      This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 7, 2021**

UNITED STATES MAGISTRATE JUDGE